THE STATE EX REL. THE TOWN OF EL PASO, Respondent,
vs. THE BOARD OF SUPERVISORS OF PIERCE COUNTY, Ap-
pellant.

*March 2 — March 27, 1888.*

*Towns: Bridges: County aid: What valuation governs: Mandamus:
Pleading: Objection to evidence.*

1. Under ch. 187, Laws of 1885, providing for county aid to towns in
building bridges whose cost exceeds one fourth of one per cent. of all
the taxable property in the town "according to the last equalized
valuation," the valuation of 1885 governs as to bridges authorized
at the annual town meeting in April, 1886, although the county
board was not called upon to act in the premises until after the
assessment roll of 1886 had been made.
2. The petition on behalf of a town for a writ of *mandamus* failed to
show that the proceeding had been authorized by the electors.
On the trial, when the town records were offered in evidence to
show that fact, the whole record was objected to as incompetent,
irrelevant, and immaterial. *Held*, that the objection was too
broad and general.

APPEAL from the Circuit Court for *Pierce* County.

This was a proceeding by *mandamus* to compel the *Board
of Supervisors of Pierce County* to appropriate one half of
the cost of the construction and repair of certain bridges in
the town of *El Paso* in said county, and to cause the same
to be levied upon the taxable property in said county sub-
ject thereto. The facts so far as they differ from those in
the case of *State ex rel. Spring Lake v. Pierce Co., ante,*
p. 321, are sufficiently stated in the opinion. The board
appeals from a judgment in favor of the relator.

For the appellant there was a brief signed by *J. S. &
F. M. White,* of counsel, and oral argument by *Mr. J. S.
White.*

*R. H. Start,* for the respondent.

LYON, J. This case involves substantially the same ques-
tions determined in the case of *State ex rel. Spring Lake v.*

*Pierce Co., ante*, p. 321, and, notwithstanding certain differ-
ences between the cases, which will presently be stated, is
ruled by it.

The construction and repair of the bridges here in ques-
tion were authorized by the town of *El Paso*, the relator,
at its annual town meeting, in April, 1886. It is not de-
nied that the estimated cost of such bridges and repairs
exceeded one fourth of one per cent. of all the taxable prop-
erty in said town according to the equalized valuation
thereof in 1885. It is claimed, however, that because the
county board of supervisors was not called upon to act in
the premises until after the assessment roll of 1886 had
been made, that roll governs, and it is alleged that the cost
of such bridges and repairs does not exceed one fourth of
one per cent. of the assessed valuation of the town in that
year. We think the term employed in the act of 1885,
"the last equalized valuation," relates to the last valuation
before the annual town meeting in April, 1886, and hence
that it refers to the valuation of 1885.

The only remaining difference in the two cases which it
is deemed necessary to notice is that while no objection was
made to the introduction of testimony showing that the
electors of the town directed the case of the town of Spring
Lake to be brought, in this case when the plaintiff offered
the town records, which showed, among other things, the
same direction, the whole record was objected to on behalf
of the county board as incompetent, irrelevant, and imma-
terial. We think the objection too broad and general to
be available to the county board. Had the objection to
this particular portion of the town records been made on
the ground that there is no averment in the relation that
any such direction had been given, the objection should
have been sustained, but with leave to the relator to amend
the relation by inserting such an allegation. It would be
unjust to allow the objection to prevail and thus defeat the

action, when the action could have been saved by amend-
ment had the objection been made specifically.

We conclude that the differences between the two cases
do not take this case out of the rule of the *Spring Lake
Case.*

*By the Court.*— The judgment of the circuit court is af-
firmed.